**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

GEORGE EDWIN FLORENCE,

    Petitioner,

v.

WARDEN D. EDGE,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-37

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner George Florence ("Florence"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss. Doc. 7. Florence filed a Response. Doc. 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Florence's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Florence *in forma pauperis* status on appeal.

### **BACKGROUND**

After a jury trial in the District Court for the Middle District of Florida, Florence was convicted of two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and two counts of possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Doc. 1 at 2. The Middle District of Florida sentenced Florence to 357 months' imprisonment and ordered him to pay $3,229.00 in restitution. Id. at 5, 25. In addition, the

Middle District imposed the sentencing condition that Florence "shall participate as directed in a program of mental health treatment approved by the Probation Officer." Id. at 45.

During Florence's direct appeal from that case, his trial counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Doc. 7 at 2. Florence argued the district court erred in imposing restitution, *inter alia*, but the Eleventh Circuit Court of Appeals affirmed Florence's conviction and sentence. United States v. Florence, 176 F.3d 491 (11th Cir. 1999).

Florence filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 7 at 3. The District Court for the Middle District of Florida denied Florence's motion, and the Eleventh Circuit denied him a certificate of appealability. Since that time, Florence has filed several post-conviction motions in the Middle District of Florida, in the districts in which he has been confined, and with the Eleventh Circuit. Id. (listing cases). Respondent now moves to dismiss Florence's § 2241 Petition. Doc. 7.

**DISCUSSION**

In his Petition, Florence contends the Florida district court "impermissibly delegated its judicial duty to establish a payment schedule by adopting the payment schedule" the Bureau of Prisons ("BOP") devised. Doc. 1 at 5. Florence also asserts the Florida district "impermissibly delegated its judicial authority when it gave his Probation Officer 'authority to decide whether Petitioner will participate in a treatment program.'" Id. at 16–17. Respondent asserts Florence's Petition should be dismissed, as he fails to satisfy 28 U.S.C. § 2255(e)'s saving clause. Doc. 7.

**I. Whether Florence can Proceed Under § 2241**

As the first ground in his Petition, Florence avers the district court violated the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A ("MVRA"), by not specifying the manner

2

in which and the schedule by which the ordered restitution is to be paid. Doc. 1 at 11. Thus, Florence claims he is not disputing the portion of his sentence relating to restitution, but rather the manner of its execution by the BOP. Id. According to Florence, the BOP has exceeded its authority and usurped a core judicial function by setting the terms of the restitution order. Florence asserts he could not object to this delegation of judicial authority because he was not aware of it until after he received a copy of the written judgment after sentencing. Id.[1]

As to his second ground, Florence contends the district court "delegat[ed] the mental health treatment program to the approval of the Probation Officer," which was ambiguous as to whether such delegation was an impermissible delegation of judicial authority. Id. at 16. Florence maintains he did not have the opportunity to object to or contest this provision during the sentencing hearing because the trial court failed to announce this special condition. Id. Florence asserts a probation officer may not "decide the nature or extent of the punishment upon a probationer." Id. at 17.

Respondent avers that, even though Florence claims to be challenging the execution of his sentence—which is permissible under § 2241, Florence is clearly challenging the validity of his sentence—which he cannot do under § 2241. Doc. 7 at 7. Specifically, Respondent asserts Florence challenges whether the district court erred at sentencing "by impermissibly delegating its core judicial duties to the BOP and the Probation Office." Id. Respondent alleges Florence could have raised his claims on direct appeal or in his § 2255 proceedings, and he admits he filed

---

[1] Florence also states he is unable to communicate with his family and friends based on insufficiency of funds, which violates his First Amendment rights. Doc. 1 at 13. To the extent Florence attempts to set forth a cognizable constitutional claim, he must set forth any such claims in a civil rights action, not in a § 2241 petition. The distinction between claims which may be brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and those which must be brought as habeas petitions is reasonably well-settled. Claims in which prisoners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013).

3

similar claims on direct appeal. Doc. 1 at 11, 17; Doc. 7 at 7. Respondent contends Florence fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his sentence and cannot proceed under § 2241. Doc. 7 at 7–8.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Florence does not present any of those circumstances through his instant Petition.[2] Florence is clearly challenging the validity of a portion of his sentence. These are the types of claims and requested relief that § 2255 encompasses. It is clear Florence is not attacking the manner in which his sentence is being executed but his sentence itself. He would have been permitted to bring these types of claims in a motion to vacate, and § 2255 provided Florence with an adequate procedure to test his claim. Florence's dissatisfaction with the resolution of his previously-filed § 2255 motions and § 2241 petitions does not allow him to recast his claims under § 2241.

Further, Florence's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Florence may face a successiveness bar against a successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.[3] Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine

---

[2]  Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090. Florence is essentially asserting the § 2255 court "got it wrong" since he was unable to obtain any relief via that avenue.

[3]  During the pendency of this Petition, Florence sought and was denied permission to file a successive § 2255 motion by the Eleventh Circuit Court of Appeals based on his challenge to his § 924(c) conviction. In re: Florence, No. 18-11791-F (11th Cir. Nov. 1, 2018). Thus, Florence was aware of a procedurally correct path to follow in his attempt to challenge his sentence.

opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Florence an "adequate procedure" to test his conviction and sentence before this Court. Consequently, Florence cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Florence cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

To be clear, challenges to the validity of a restitution order may not be brought as § 2241 petitions. See Austin v. United States, 368 F. App'x 53, 54 (11th Cir. 2010) (Petitioner's claim that the district court improperly delegated authority to BOP to set restitution payment schedule may not be brought in § 2241 petition.); Williams v. Pearson, 197 F. App'x 872, 877 (11th Cir 2006) (same); see also Simmons v. United States, 232 F. App'x 952, 953 (11th Cir. 2007) ("While [petitioner] characterizes his argument as an attack on the execution of his sentence, a charge of improper delegation challenges the validity of the sentence itself."). Similarly, Florence's allegation regarding the mental health program condition challenges a portion of his sentence itself, not its execution, and, therefore, cannot be asserted in a § 2241 petition. See Castrillon v. Immigration & Customs Enf't, No. CV306-030, 2007 WL 196881, at *2 (S.D. Ga. Jan. 22, 2007) (finding challenges to "the fundamental validity" of a sentence are properly brought under § 2255 in the district of conviction, not in a § 2241 petition); see also Durham v. Hood, 140 F. App'x 783, 784 (10th Cir. 2005) (noting that a claim regarding judicial delegation implicates the validity of a sentence and must be brought under § 2255). Accordingly, Florence may not pursue his claims of judicial delegation via this § 2241 Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Florence leave to appeal *in forma pauperis*. Though Florence has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Florence's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Florence's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal.  I further **RECOMMEND** that the Court **DENY** Florence leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Florence and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA